## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

DUSTIN J.
MERRYFIELD,

                         Petitioner,

            v.                          CASE NO.  09-3140-RDR

STATE OF KANSAS,
et al.,

                         Respondents.

### MEMORANDUM AND ORDER

     This "petition for writ of habeas corpus was filed pursuant
to 28 U.S.C. § 2241[1] et seq.", by a person civilly committed under
Kansas law as a Sexually Violent Predator (SVP), and currently
detained in the Kansas Sexual Predator Treatment Program (KSPTP) at
Larned State Hospital, Larned, Kansas[2].  Petitioner has also filed

---

     [1]     Mr. Merryfield also asserts jurisdiction under "Article IIII (sic)"
of the United States Constitution.  He    does not exp lain how it affords
jurisdiction over his claims.  He has cited Article III in other cases.  Article
III, Section 2 of th e Constitution establishes the boundaries of the limited
jurisdiction of the federal courts.  Within those boundaries, Congress has the
constitutional authority to enact statutes that confer and limit the
jurisdiction of the federal district courts, including as to habeas corpus.

     [2]     The Kansas Court of Appeals has described the Kansas Sexually Violent
Predator Act (KSVPA) and "sexually violent predator" as follows:

     The KSVPA is an act for the commitment of sexually violent
     predators.  It establishes a      procedure for identification and
     involuntary civil commitment of such predators "for the potentially
     long term control, care and treatment" of such persons "in an
     environment separate from persons involunt arily committed" under
     other statutory regimes.  K.S.A. 59-29a01.  The ultimate step in the
     process of commitment is the right of trial by jury "to determ ine
     whether the person is a      sexually violent predator."  K.S.A.
     59-29a06; see also In re Care & Treatment of Foster, 280 Kan. 845,
     853-61, 127 P.3d 277 (2006) (although the trial is characterized as
     civil in natur e, it possesses many characteristics of a criminal
     proceeding).

     The statutory scheme defines "sexually violent predator" as "any
     person who has been convicted of or charged with a sexually violent
     offense and who suffers from a mental abnormality or personality
     disorder which makes the person likely to engage in repeat acts of
     sexual violence."  K.S.A. 59-29a02(a).  The phrase "likely to engage
     in repeat acts of sexual violence" is defined as "the person's
     propensity to commit acts of sexual violence is of such a degree as
     to pose a   menace to  the health and safety of others".  K.S.A.

motions for leave to proceed in forma pauperis, and to appoint counsel.  Having considered all materials filed, the court finds as follows.

## INITIAL SCREENING

District courts are to promptly review habeas corpus petitions  and s  ummarily dismiss  a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."  Rule 4, Rules Governing Section 2254 Cases.  An initial review of the Petition filed in this case indicates that it fails to state a claim for relief under § 2241, and should be dismissed as a result.

## CLAIMS

Petitioner specifies that this lawsuit "deals with two areas that cause an injury: 1) lack of a law library and 2) use of the county jail."  The court could limit its consideration to these two designated claims.  However, liberally construing this pro se Petition, the court finds the claims     raised herein may be summarized as: (1)  challenges to petitioner's prior detention in a county jail, (2)  complaints regarding his conditions of confinement, particularly his right of access, and (3) a request for release from  his current detention in the SPTP.  Mr. Merryfield intentionally raises all these claims in this single Petition explicitly brought under § 2241.

---

59-29a02(c).

In re Colt, 39 Kan.App.2d 643, 647, 183 P.3d 4 (Kan.App. 2008), aff'd, 211 P.3d 797 (Kan. 2009).

**REQUESTS FOR RELIEF**

Merryfield makes many allegations and arguments in his Petition, but his claims for relief are few.  He asks this court to declare that the state statute pursuant to which he was housed pre-trial in a county jail is unconstitutional, and to order "defendant(s)" to pay him damages for each day he spent in the jail.  He asks this court to order "defendant(s)" to provide constitutionally adequate access to the courts for all detained SVPs.  Finally, he asks the court to order his immediate release "as he was denied a fair hearing" and has suffered abuse.

A habeas corpus petition must meet "heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994)(citing 28 U.S.C. § 2254 Rule 2(c)).  The petition must specify all grounds for relief available to the petitioner, state the facts supporting each ground, and state the requested relief.  See 28 U.S.C. § 2254(c)(1), (2), (3).  The court's review of this Petition may be limited to whether or not Mr. Merryfield is entitled to the relief he has requested.


**LEGAL STANDARDS**

The federal habeas corpus statutes grant district courts jurisdiction to entertain a petition for a writ of habeas corpus by a person who is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3)[3]; Maleng v. Cook, 490 U.S. 488, 490 (1989).  The only proper

---

[3]    § 2241(c) pertinently provides: "The writ of habeas corpus shall not extend to a prisoner unless . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . ."

respondent in a habeas corpus action is the person who currently
has custody over the petitioner.   28 U.S.C. § 2242; Rumsfeld v.
Padilla, 542 U.S. 425, 435-42 (2004).   "A habeas corpus proceeding
attacks the fact or duration of a prisoner's confinement and seeks
the remedy of immediate release or a shortened period of
confinement." McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812
(10th Cir. 1997); see, e.g., Overturf v. Massie, 385 F.3d 1276,
1278 (10th Cir. 2004).   Generally in this Circuit, a habeas
petition under § 2254 is used to challenge the validity of a state
court conviction or sentence[4], while a habeas petition under § 2241
is used to challenge the execution of a sentence)[5].  See McIntosh,
115 F.3d at 811-12 (A challenge to  the validity of an  inmate's
conviction and sentence should be brought under § 2254, while an
attack on the execution of his sentence is properly brought
pursuant to § 2241.); Bradshaw v. Story, 86 F.3d 164, 166 (10th
Cir. 1996).  An SVP committed to the KSPTP is a person confined
pursuant to the judgment of a state  court, and may challenge the

---

[4]   28 U.S.C. § 2254 pertinently provides: "The . . .  district court
shall entertain an application for a writ of habeas corpus in behalf of a person
in custody pursuant to the judgment of a State court only on the ground that he
is in custody in violation of the Constitution or laws or treaties of the United
States."

[5]   The following analysis by the Eleventh Circuit of these two habeas
provisions is instructive:

"[A] state prisoner seeking post-conviction relief from a federal
court has but one remedy: an application for a writ of habe   as
corpus.  All applications for writs of habeas corpus are governed by
§ 2241, which  generally authorizes federal courts to grant the
writ-to both federal and state priso ners.  Most state prisoners'
applications for writs of habeas corpus are subject also to the
additional restrictions of § 2254.  That is, if a state prisoner is
"in custody pursuant to the judgment of a State court", his petition
is subject to § 2254.  If however, a prisoner is in prison pursuant
to something other tha  n  a  judgment of a state court, e.g., a
pre-trial bond order, then his petition is not subject to § 2254.

Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003), cert denied, 541 U.S.
1032 (2004).

fact or duration of his civil commitment by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  See Duncan v. Walker, 533 U.S. 167, 176 (2001) [6]; Seling v. Young, 531 U.S. 250 (2001).

A habeas petitioner that has mistakenly raised a § 2254 claim in a § 2241 petition may prefer to have the claim dismissed rather than construed as one under § 2254, due to the impact a first § 2254 petition may have on any § 2254 he may properly file in the future.  For example, AEDPA places strict limitations on second or successive claims[7].  See 28 U.S.C. §§ 2244(b), 2255.  The

---

[6]    In Duncan, the United States Supreme Court stated:

Nothing in the language of (28 U.S.C. § 2244) provisions requires that the state court judgment pursuant to which a person is in custody be a criminal conviction.  Nor does 28 U.S.C. § 2254 . . . by its terms apply only to those in custody pursuant to a state criminal conviction.  See , e.g., § 2254(a) ("a person in  custody pursuant to the judgment of a State court"); § 2254(b)(1) ("a person in custody pursuant to the judgment of a State court"); § 2254(d) ("a person in custody pursuant to the ju dgment of a State court"); § 2254(e)(1) ("a person in custody pursuant to the judgment of a State court").

Incarceration pursuant to a state criminal conviction may be by far the most common and most familiar basis for satisfaction of the "in custody" requirement in § 2254 cases.  But there are other types of state court judgments pursuant to which a person may be held in custody within the meaning of the federal habeas statute.  For example, federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt. (Citations omitted).  These types of state  court judgments neither constitute nor require criminal convictions.

Id.

[7]    See Davis v. Roberts, 425 F.3d 830, 835 (10th Cir. 2005)(Because the Antiterrorism and Effective Death PenaltyAct (AEDPA) "places strict limitations on second and successive claims . .  . a district court must  follow certain procedures before recharacterizing pro se pleadings as claims under § 2254"). For example, 28 U.S.C. § 2244(b)(3)(A) provides that:

[b]efore a second or successive    application permitted  by this section is filed in the district court, the applicant shall move in the appropriate  court  of appeals for an order authorizing the district court to consider the application.

Id.; Davis, 425 F.3d at 835; Yellowbear v.Wyoming Atty. Genl, 525 F.3d 921, 924 (10th Cir. 2008).  "A district court does not have jurisdiction to address t he merits of a second or successive . . . 2254 claim until (the Tenth Circuit) has

Tenth Circuit has thus held that a district court must follow
certain procedures before recharacterizing pro se pleadings as
claims under § 2254.  The district court must notify the pro se
litigant that it intends to recharacterize the pleading, warn him
that this recharacterization means that any subsequent § 2254
petition will be subject to "second or successive" restrictions,
and provide an opportunity for him to  withdraw the  claim or to
amend the petition to contain all the § 2254 claims he believes he
has.  <u>Davis</u>, 425 F.3d 835.

     A person in confinement pursuant to the judgment of a state
court is required to fully exhaust state court remedies prior to
filing a habeas corpus action in federal court challenging that
confinement[8].  <u>See</u>  28 U.S.C. § 2254(b)(1)(A).  This exhaustion
doctrine applies to habeas petitions brought under § 2241 as well
as § 2254, even though the requirement to exhaust is not specified
in § 2241.  <u>Montez v. McKinna  </u>, 208 F.3d 862, 866 (10th Cir.
2000)("A habeas petitioner is generally required to exhaust state
remedies whether his action is brought under § 2241 or §
2254.")(<i>citing</i> <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991)); <u>see</u>

_____

granted the required authorization."  <u>See</u> <u>In re Cline</u>, 531 F.3d 1249, 1251 (10th
Cir. 2008)(citing <u>United States v. Nelson</u>, 465 F.3d 1145, 1148(10th Cir. 2006).

     [8]    28 U.S.C. 2254(b)(1) provides:

     "An application for a writ of habeas corpus on behalf of a person in
     custody pursuant to the judgment o  f a State court shall not be
     granted unless it appears that -- (A) the applicant has exhausted
     the remedies available in the courts of the State. . . ."

<u>Id</u>.  A statutory exception exists where petitioner demonstrates such remedies are
either unavailable or ineffective.  <u>Id</u>.

<u>also</u> <u>Williams v. O'Brien</u>, 792 F.2d 986, 987 (10th Cir. 1986)[9].

"The exhaustion of state remedies includes both administrative and

state court remedies." <u>Hamm v. Saffle</u>, 300 F.3d 1213, 1216 (10th

Cir. 2002).

"Meaningful exhaustion is that which accords with the

State's chosen procedural scheme." <u>See</u> <u>Mallory v. Smith</u>, 27 F.3d

991, 995 (4th Cir.), <u>cert</u>. <u>denied</u>, 513 U.S. 1047 (1994). The

exhaustion requirement is not satisfied when a claim is "presented

for the first and only time in a procedural context in which its

merits will not be considered . . . ." <u>Castille v. Peoples</u>, 489

U.S. 346, 351 (1989).

Constitutional attacks upon conditions of confinement that

do not affect the fact or duration of that confinement, are not

grounds for federal habeas corpus relief and are therefore not

cognizable in a habeas corpus petition. <u>See</u> <u>Nelson v. Campbell</u>,

541 U.S. 637, 643 (2004)("constitutional claims that merely

challenge the conditions of a prisoner's confinement . . . fall

outside of [the 'core' of habeas corpus]"); <u>Rael v. Williams</u>, 223

F.3d 1153, 1154 (10th Cir. 2000)(Federal claims challenging the

conditions of confinement generally do not arise under § 2241.);

<u>McIntosh</u>, 115 F.3d at 812 (A habeas corpus petition attacks the

fact or duration of a prisoner's confinement and seeks the remedy

of immediate release or a shortened period of confinement; while a

civil rights action, in contrast, attacks conditions of the

---

[9]    The exhaustion doctrine recognizes that state and federal courts are
equally bound to apply and enforce federal law, and States are entitled to
administer their criminal justice systems without federal court interference.
Therefore, "when a prisoner alleges that his continued confinement for a state
court conviction violates federal law, the state courts should have the first
opportunity to review this claim and provide any necessary relief." <u>O'Sullivan
v. Boerckel</u>, 526 U.S. 838, 844 (1999).

prisoner's confinement.).  As the Tenth Circuit has reasoned:

> There are logical distinctions between prison
> condition suits brought under civil rights laws
> and execution of sentence matters brought under §
> 2241.  See , e.g., United States v. Furman , 112
> F.3d 435, 438-39 (10th Cir. 1997)(challenges to
> good-time credit and parole procedure go to
> execution of sentence and should be brought under
> § 2241; challenges to conditions of confinement
> and related civil rights allegations should be
> brought pursuant to civil rights laws); Orellana
> v. Kyle , 65 F.3d 29, 31 (5th Cir. 1995)(per
> curiam)(if a favorable resolution of the action
> would not automatically entitle the prisoner to
> release, the proper vehicle is 42 U.S.C. § 1983),
> cert. denied , 516 U.S. 1059 (1996); Falcon v.
> United States Bureau of Prisons, 52 F.3d 137, 138
> (7th Cir. 1995)(if prisoner is seeking "quantum
> change" in the level of custody, such as freedom,
> remedy is habeas corpus; if he is seeking a
> different program or location or environment, then
> challenge is to conditions, rather than fact, of
> his confinement and remedy is under civil rights
> law); Tucker v. Carlson , 925 F.2d 330, 332 (9th
> Cir. 1991).

Id.  Conditions-of-confinement claims generally must be raised in a civil rights complaint pursuant to 42 U.S.C. § 1983.  Boyce v. Ashcroft, 251 F.3d 911, 914 (10th Cir. 2001)("[P]risoners who want to challenge their convictions, sentences or administrative actions which revoke good-time credits, or who want to invoke other sentence-shortening procedures, must petition for a writ of habeas corpus," while those "who raise constitutional challenges to other prison decisions-including transfers to administrative segregation, exclusion from prison programs, or suspension of privileges, e.g. conditions of confinement, must proceed under Section 1983 . . . .")(citation omitted)), on rehearing, 268 F.3d at 953 (10th Cir. 2001)(judgment vacated and dismissed as moot due to transfer of inmate).  Petitioner's claims are considered under the foregoing standards.

**CHALLENGES TO DETENTION IN COUNTY JAIL**

    **1.  Habeas Claim Based on Prior County Jail Detention**

        The legality of pre-trial detention may properly be tested by way of a § 2241 petition.  See___ Montez, 208 F.3d 862, 865.  However, immediate or speedier release   from allegedly illegal custody is the only remedy available by way of a petition for writ of habeas corpus.  Once a detainee or inmate has been released from the custody alleged to be illegal, he has obtained all the available habeas relief.  Mr. Merryfield was removed from the county jail and relocated in 2000.  Thus, he is no longer in pre-trial custody or at the jail.  His claim for habeas corpus relief based on the allegation that his confinement in the county jail in 2000 was illegal is therefore moot, and is denied for that reason.  See Crocker v. Durbin, 53 Fed.Appx. 503, 505 (10th Cir. 2002)(and cases cited therein); McAlpine v. Thompson, 187 F.3d 1213, 1216 (10th Cir. 1999).

    **2.  Non-Habeas Claims Based on Prior County Jail Detention**

        Mr. Merryfield alleges he was detained in the county jail awaiting and during his civil commitment proceedings.  He asserts that this detention for 148 days beginning on June 26, 2000, was unconstitutional.  As factual support for this claim, he alleges he was harassed and tortured by other inmates at the jail because he was being tried as an SVP.  He further complains that he received "no special treatment or housing" and was instead treated like a criminal.  He argues that "civil commitments" are entitled to better treatment than prison inmates.  He asserts he was subjected to cruel and unusual punishment, and suffered severe mental anguish

and emotional distress.

     To the extent these allegations are challenges to conditions at the jail and the alleged harmful effects upon petitioner, they are improperly raised in a habeas corpus petition. The relief specifically requested is an order requiring "defendant(s)" to pay Merryfield damages for each day he spent in the county jail. A claim for damages is not properly brought in a habeas corpus proceeding since, as noted, release from confinement is the only  available remedy. Petitioner is not entitled to damages in this action expressly styled by him as a § 2241 petition[10].

     Even if this action could somehow be construed as a civil rights complaint, Merryfield's allegations of unconstitutional jail conditions in 2000 would be subject to dismissal as time-barred[11]. Moreover, the only adverse parties named herein are the State and a state agency, both of which are absolutely immune from suit for money damages.

     Another of Merryfield's specific requests for relief is for

_____

     [10]     A request for  money damages must be raised in a civil rights complaint. As Merryfield has been repeatedly informed, civil rights complaints must also be made on the court's forms, D.Kan. Rule 9.1(f), that are available without charge upon request to the cler k of the court. He has also previously been informed by this court that conditions claims must be raised in a separate civil action naming as defendants those individuals who actually caused the alleged conditions, and describing their personal participation.

     [11]     In § 1983 actions arising in Kansas, that State's two year statute of limitations for personal injury suits applies. See Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir. 1998).  The limitations period begins to run when the cause of action accrues, as determined by federal law.  Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir. 1998).  A civil rights action accrues when "facts that would support a  cause of action are or should  be apparent". Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995).  Merryfield's challenges to the conditions of his county jail detention accrued at the latest when he was released from the jail in 2000 and moved to the SPTP.  Thus, to the extent he seeks monetary and   equitable r elief based on conditions of his confinement in 2000, his claims are time-barred and could be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b).  See Price v. Philpot, 420 F.3d 1158, 1162 (10th Cir. 2005).

a declaration that K.S.A. § 59-29a05 is unconstitutional.  He
challenges this Kansas statute's provision that a person awaiting
trial to determine whether he is an  SVP may be held  in a county
jail.  He argues the statute is unconstitutional because "the
purpose of a county jail" is punitive while the purpose of the
KSVPA is for treatment and not punishment, so that the statute
"adds a 'punitive' element to the KSVPA.  He also asserts that §
59-29a05[12] violates the Equal Protection Clause of the U.S.
Constitution.  In support, he alleges that Kansas exclusively uses
a county jail to hold any person being tried under the KSVPA, while
California does not.  He claims that his being treated differently
than SVPs in California was unconstitutional.  He also argues he
was denied bond while criminal defendants were afforded bail.

        The authority cited by petitioner does not convince this
court of his underlying legal theory that housing a person in a
county jail who is awaiting trial under a Sexual Predator Act is a
per se violation of the U.S. Constitution.  Petitioner cites a
Ninth Circuit Court opinion, which he interprets as having ended
the use of county jails for persons awaiting SVP trials in
California.  Even if his interpretation were correct, Ninth Circuit
precedent is not binding on this court[13].  Nor is it a violation of
equal protection for district courts within different federal

---

[12]     K.S.A. § 59-29a05(d) currently provides:

    (d) If the probable cause determination is made, the court shall
    direct that the person be transferred   to an appropriate  secure
    facility, including, but not limited to, a county jail, for an
    evaluation as to whether the person is a sexually violent predator
    .  .  .  .
Id.

[13]     The Eleventh Circuit case he cites is distinguishable because it
involved persons committed due to their mental illness, not as SVPs.

circuits and circuit courts of appeal to have conflicting opinions
and legal holdings.  In other words, this court is not bound to
follow Ninth Circuit case law by either stare decisis or equal
protection principles.

In any event, petitioner appears to lack standing to either
challenge the State's use of jails for pretrial detention of SVPs
or litigate the constitutionality of the Kansas statute allowing
such placement.  He is not entitled to injunctive relief regarding
conditions or treatment at the county jail, since he is no longer
subject to those conditions and such claims are moot and
nonjusticiable.  This court does not have power to enjoin his
possible future placement in a     county jail based upon his
conclusory statement that he might be returned.  Over nine years
have passed since his jail detention, and no facts are alleged
showing it is likely to recur.  Likewise, he may not now obtain a
declaratory judgment that custody he was released from nearly nine
years ago was unconstitutional.  Otherwise, statutes of limitations
and the "in custody" requirement of the habeas statutes would be of
no effect.  His allegation that other SVPs are confined in county
jails to await commitment proceedings does not entitle him to
relief, because he lacks standing to assert the claims of other
SVPs.

Petitioner also argues that his confinement in the county
jail violated certain Kansas statutes providing that "mentally ill
persons" who are civilly committed cannot be housed in nonmedical
facilities or facilities used to detain persons charged with
crimes.  Merryfield is not confined simply as a mentally ill
person.  Furthermore, this claim appears to allege a violation of

state law, which is not a   proper ground  for relief in federal
court[14].

The court concludes that petitioner is not entitled to
monetary, injunctive, or declaratory relief in this action based on
his claims regarding jail conditions in 2000.

**DENIAL OF ACCESS CLAIMS**

The bulk of Mr. Merryfield's allegations in his pleading
provide no support for a habeas corpus claim of illegal detention.
The claim most discussed throughout is the alleged denial at the
SPTP to "a Constitutionally adequate law library or . . . appointed
legal counsel or an adequately trained assistant".  Based on these
allegations, he asserts that "Defendant" is hindering his "right to
access the court."  As factual support for this claim, Mr.
Merryfield lists a myriad of "ways" he is allegedly being denied
access, including inadequate provision of indigent funds, paper,
floppy discs, envelopes, postage, law library time, forms, copy
jobs, and numerous others[15].  For example, petitioner calculates the
library or actual computer time available for each of the 28
residents in his unit as 3.75  hours per week, and  baldly states
that "this severely limited access time" is inadequate.  He also
claims that "employees of defendant" can seize his legal work
product at any time without his knowledge and may not return it in

---

[14]     To the extent Mr. Merryfield alleges violations of state law, no
cognizable claim for federal habeas corpus relief is presented. See Estelle v.
McGuire, 502 U.S. 62, 67 (1991)(federal habeas relief "does not lie for errors
of state law")(quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)).

[15]     Others include having to use funds to purchase items to maintain
hygiene so as to avoid punishment, limited phone access, lack of phone privacy,
insufficient mail funds, and problems with the physical environment of the
library, and maintenance of computers and printers.

time.  He additionally baldly alleges that having to participate in
26 hours of treatment weekly at the SPTP interferes with his
ability to prepare legal papers and keep up with his cases and
deadlines.  He makes similar arguments regarding the failure to
provide him with a trained legal assistant.

Petitioner's allegations made to support his denial of
access claims are purely challenges to conditions of his
confinement.  As such, they are not properly raised in this § 2241
petition.  Accordingly, these claims will be dismissed, without
prejudice.  Petitioner is free to challenge these allegedly
unconstitutional conditions by filing a complaint or complaints
pursuant to 42 U.S.C. § 1983 on forms provided by the court[16].

Even if this action were construed as a civil rights
complaint, this claim would be subject to dismissal because
petitioner's allegations, though numerous and detailed, are
insufficient to state an essential element of a denial of access
claim.  Merryfield cites Casey v. Lewis , 43 F.3d 1261 (9 th Cir.
1994) as legal support for this claim.  However, the United States
Supreme Court reversed this opinion of the Ninth Circuit in Lewis
v. Casey, 518 U.S. 343 (1996).  The Supreme Court explained in
Lewis that the inmate's right is not to a law library or legal
assistance:

> [R]espondents seem to assume (that) the right at
> issue-the right to which the actual or threatened
> harm must pertain-(is) the right to a law library

---

[16]     The court declines to liberally construe this Petition as a complaint
under § 1983 because doing so "borders on advocacy."  See Richards v. Bellmon,
941 F.2d 1015, 1019, FN 3 (10th Cir.   1991).  Mo reover, the  three claims
Merryfield raises herein would not involve the same factual proof or parties, are
improperly joined, and  may not be litigated in a single civil action.  In
addition, the interests of justice would not be served, given the deficiencies
in his conditions claims.

or to legal assistance.  But Bounds established no
such right, any more than Estelle  established a
right to a prison hospital.  . . . [P]rison law
libraries and legal assistance programs are not
ends in themselves, but only the means for
ensuring "a reasonably adequate opportunity to
present claimed violations of fundamental
constitutional rights to the courts."  Id __., at
825, 97 S.Ct., at 1496.

Because Bounds  did not create an abstract,
freestanding right to a law library or legal
assistance, an inmate cannot establish relevant
actual injury simply by establishing that his
prison's law library or legal assistance program
is subpar in some theoretical sense. That would be
the precise analog of the healthy inmate claiming
constitutional violation because of the inadequacy
of the prison infirmary.  . . .[T]he inmate
therefore must go one step further and demonstrate
that the alleged shortcomings in the library or
legal assistance program hindered his efforts to
pursue a legal claim.

Lewis, 518 U.S. 350-351.  The U.S. Supreme Court further held:

[T]he injury requirement is not satisfied by just
any type of frustrated legal claim.

* * *

In other words, Bounds does not guarantee inmates
the wherewithal to transform themselves into
litigating engines capable of filing everything
from shareholder derivative actions to
slip-and-fall claims.  The tools it requires to be
provided are those that the inmates need in order
to attack their sentences, directly or
collaterally, and in order to challenge the
conditions of their confinement.

Lewis v. Casey, 354-355.

        Merryfield's allegations are not sufficient to state a

claim of denial of access under Lewis v. Casey  .  He does not

describe any instance where specific legal work was actually seized

and a court deadline was missed as a result [17].  He was plainly

---

[17]     The court notes that in the event his legal work is confiscated, he
should file a motion for extension of time so stating.

informed in <u>Merryfield v. Jordan</u>, Dist.Ct. No. 07-3289, currently

on appeal to the Tenth Circuit Court of Appeals (App. No. 09-3002),

of the standards governing a denial of access claim, and that he

must allege actual injury in order to state such claim.  However,

he utterly fails to describe any of  his numerous c ases as non-

frivolous or allege facts showing any particular case was dismissed

or hindered because he did not have sufficient access to specific

materials.  The court dismisses petitioner's denial of access

claims without prejudice.


**REQUEST FOR RELEASE FROM CURRENT CONFINEMENT**

        In his request for relief, Mr. Merryfield asks the court to

order his immediate release because he was denied a fair hearing.

However, his allegations that his pretrial detention in 2000 was

unconstitutional do not support his request for immediate release.

Nor do his denial of access allegations support his prayer for

release.

        As previously noted, "§ 2241 is a vehicle for challenging

pretrial detention, <u>see</u> <u>Walck v. Edmondson</u>, 472 F.3d 1227, 1235

(10th Cir. 2007), or for attacking the execution of a sentence<u>, see</u>

<u>Davis</u>, 425 F.3d at 833.  Petitioner's claim that his hearing was

unfair is not a challenge to pretrial confinement or the execution

of his sentence, and is therefore not properly raised in this

petition brought only under § 2241.  S<u>ee  id</u>., at 834.  A § 2254

petition, on the other hand, is the proper avenue for attacking the

validity of a conviction and sentence.  <u>Montez</u>, 208 F.3d at 865;

<u>Yellowbear</u>, 525 F.3d at 924.  Thus, the court finds that to the

extent petitioner's allegations may be read as challenging the

legality of his commitment proceedings or the state court order of
civil commitment, they should be brought in a separate petition for
writ of habeas corpus filed pursuant § 2254.

        This case was not filed as a § 2254 petition, and the court
declines to recharacterize it as one under § 2254 for several
reasons.  First, Mr. Merryfield does not present only § 2254
claims, but instead has improperly raised § 1983 civil rights
claims with  a possible § 2254 claim in this single petition styled
by him as one under § 2241.  Second, he alleges the least facts, if
any, to support his possible § 2254 claim.  His statement that he
was denied a fair hearing is completely conclusory.  He alleges no
facts whatsoever regarding his commitment proceedings[18].  Third, as
previously noted, AEDPA places strict limitations on § 2254
petitions; and, for this reason, a district court must follow
certain procedures, including         notification, before
re-characterizing pro se pleadings as claims under § 2254.
Finally, insofar as Merryfield's allegations are a challenge to his

_____

        [18]     At the time of petitioner's civil commitment trial, Supreme Court law
clearly established the constitutionality  of an SVP Act in general where the
confinement criteria of the statute satisfies due process, and of the KSVPA in
particular.  Kansas v. Crane , 534 U.S . 407, 409-10 (2002)(citing Kansas v.
Hendricks, 521 U.S. 346, 357-58 (1997))(upholding the constitutionality of a
civil commitment under the KSVPA and discussing the constitutional protections
required for civil commitment statutes). "The Supreme Court has permitted states
to set their own procedural requi   rements for  civil commitments, including
requirements for commitment as a sexually violent predator."  Poole v. Goodno,
335 F.3d 705,  708 (8th Cir. 2003).  Due process is satisfied if: (1) "the
confinement takes place pursuant to proper procedures and evidentiary standards,"
(2) there is a finding of "dangerousness either to one's self or to others," and
(3) proof of dangerousness is "coupled . . . with the proof of some additional
factor, such as a "mental illness" or "mental abnormality."  Crane, 534 U.S. at
409-10 (quoting Hendricks, 521 U.S. at 357-58).  Petitioner does not describe any
of these due process factors as having been denied at his hearing.  His only
allegation that might be read as support for his claim of an unfair hearing, is
that his placement in the county jail "caused severe damage to his civil
commitment case".  As support for this assertion, he alleges he "was assaulted
and had to defend himself several times" at the jail, and that this helped the
State prove its case and show his dangerousness.  However, petitioner does not
describe any evid ence actually presented at his civil trial.  His conclusory
statement is insufficient to suggest that either the state proceedings or the
fact of his current custody violate federal constitutional law.

civil commitment, they must have been presented in the first instance at his commitment proceedings and on direct appeal in the courts of the State.

If Mr. Merryfield has grounds to challenge his commitment proceedings, he should file a petition for writ of habeas corpus pursuant to § 2254.   Any such petition must be on § 2254 forms, which are provided upon request without charge by the clerk of this court.

## EXHAUSTION OF STATE COURT REMEDIES NOT SHOWN

Even if petitioner alleged a timely § 2241 claim, or substantial facts in support of his claim for immediate release, he would not be entitled to  habeas relief in  federal court at this time.   This is because he has not shown exhaustion of state remedies.   He does not indicate that his claim regarding evidence at his civil trial was presented at trial and on direct appeal.   If it was not, he has not exhausted this claim in the state courts. After passage of nearly a decade, it may also be procedurally defaulted and time-barred in federal court[19].

Merryfield makes the conclusory allegation that he has been "denied the right to present this Petition for over 9 years" by the inadequacies of the SPTP law library.   This bald statement is effectively refuted by his exhibits listing numerous lawsuits he has managed to file in state and federal courts[20] and by the records

---

[19]      See 28 U.S.C. § 2244.

[20]      Forty-three pages of exhibits are attached to the Petition, including a list of petitioner's previous lawsuits in state as well as federal court. Thirty-one lawsuits are listed.

of his cases in federal court.[21]

Although petitioner apparently made some attempt to exhaust state remedies, it appears from his own allegations that he has not properly and fully satisfied the exhaustion prerequisite.  He begins his Petition by alleging that he tried to file a habeas against his "illegal incarceration" while in the county jail, but the judge "assigned it to his civil commitment counsel and the matter was not pursued[22]."  He further alleges that on February 2, 2009, after his placement in the SPTP[23], he was able to file a new habeas "with the Kansas Supreme Court alleging the confinement was illegal" and that    the "Statute that allowed for it was unconstitutional."  On June 3, 2009, the Kansas Supreme Court summarily dismissed this petition.  Petitioner claims this amounted to exhaustion of state remedies on all his claims herein, and now seeks "a Writ of Habeas Corpus from the Federal Court to review and determine the Constitutionality of the Statute involved and the actions of the Defendant(s)."

This court has held that the filing of a habeas corpus action directly in the Kansas Supreme Court does not amount to full exhaustion of state judicial remedies.  Instead, "[a] state prisoner must give the state courts an  opportunity to act on his

---

[21]     He also baldly allege s he has had several cases dismissed "on a technicality" that "would have been prevented" by adequate library access.  In his cases before this court, Mr. Merryfield has neglected or refused to follow rules and procedures, and to heed directions in court orders.  Even though he proceeds pro se, he is required to follow the same rules as attorneys.  He may not simply ignore technicalities, and then complain when his action is dismissed as a result.

[22]     Petitioner does not show that he has exhausted any claim of ineffective assistance of counsel.

[23]     Merryfield does not allege facts showing his diligence throughout the years since his arrival at the SPTP in 2000.

claims before he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842.  Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process."  Id __. at 845.  In this district, that means all claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack."  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  Petitioner must have followed proper procedures by first seeking relief in the state district court; and if relief was denied by that court, he must have appealed to the Kansas Court of Appeals; and if that court denied relief then petitioner was required to file a Petition for Review by the Kansas Supreme Court. In short, petitioner's allegation  that he raised claims in a petition filed directly  in the Kansas Supreme Court does not establish that he has fully and properly exhausted state court remedies on all his habeas claims.

**ORDER DISMISSING § 2241 PETITION**

The court finds that this § 2241 petition must be dismissed for failure to present a claim cognizable under 28 U.S.C. § § 2241.

Petitioner is free to file a § 2254 petition raising only his § 2254 claim or claims, including any challenge he may have to his state commitment proceedings or the fact of his current confinement.  In order to proceed on his § 2254 claims, he must submit a separate, new habeas corpus petition pursuant to 28 U.S.C. § 2254.  The new petition must be  on § 2254 habeas corpus forms

provided by the court[24].  Petitioner is directed to carefully read the directions on the forms and answer every applicable question[25].

**CONCLUSION**

In sum, petitioner's claims regarding his pretrial jail detention are dismissed as moot and for lack of standing.  His conditions of confinement claims are dismissed, without prejudice, as improperly raised in this § 2241 petition rather than a § 1983 complaint.  His request for release is dismissed, without prejudice, as not properly raised in this § 2241 petition with other claims.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this § 2241 petition is dismissed, without prejudice.

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Doc. 3) and his  requests regarding issuance of summons (Docs. 5 & 6) are denied as moot.

**IT IS SO ORDERED.**

Dated this 25th day of September 2009, at Topeka, Kansas.

---

[24]    "Petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2241 and 28 U.S.C. § 2254 . . . by persons  in custody pursuant to a judgment of a court shall be on forms approved by the court."  D.Kan. Rule 9.1(a).  The local rules contain "Required Information" that "every petition . . . "shall contain," D.Kan. Rule 9.1(b), and the forms are designed to elicit this information.

[25]    He must state every "ground" he has for habeas corpus relief, separately in one of the numbered spaces for statement of grounds; and he must state supporting facts for each ground in the pro  per space.  If he has more grounds than spaces on the forms, he may attach extra pages.  However, he must continue the numbering from and use the same  format as  the forms for each additional ground.  He is not to at   tach extra pages simply to make legal arguments or to include claims not properly raised in a habeas corpus petition. Moreover, he must fully answer all questions pertaining to exhaustion of state remedies, and the statute of limitations.

s/Sam A. Crow
U. S. Senior District Judge